IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JONATHAN H. HORNE, M.D., as Trustee for Jonathan H. Horne, M.D., P.C. Retirement Plan Trust Fund,<br><br>Plaintiff,<br><br>vs.<br><br>VAL SOUTHWICK, VESCOR CAPITAL CORP., VESCOR DEVELOPMENT, LLC and APEX MM, INC.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR A PREJUDGMENT WRIT OF ATTACHMENT AND GARNISHMENT WITHOUT PREJUDICE<br><br><br><br>Case No. 2:06-CV-742 TS |

This matter came before the Court on December 15, 2006, for hearing on Plaintiff's Motion for Prejudgment Writ of Attachment and Garnishment. The Court has considered the memoranda and the affidavits and is fully advised.

Being fully advised, the Court finds that Plaintiff has not met its burden of proof to show all of the requirements for a prejudgment writ in its Affidavits. Prejudgment writs are available in federal court "under the circumstances and in the manner provided" by

1

applicable state law.[1] Under Utah law, Plaintiff has the burden of proof for all facts necessary to support all prejudgment writs.[2] Those facts must be stated in the supporting affidavits.[3] For a prejudgment writ, Plaintiff has the burden of showing it has met all of the requirements of Rule 64A (c)(1) though (c)(3) and at least one of the requirements of (c)(4) though (c)(1);[4] plus "all" of the specific requirements set forth for attachment[5] or garnishment.[6]

Defendants contest the Motion chiefly on the issue of whether Plaintiff has shown the requirements that the action is "upon a contract."[7]

Plaintiff contends that the Amended Complaint alleges a claim for rescission of an implied contract. The Court notes that it has considered the Amended Complaint, even though it was not yet technically filed at the time of the hearing.

The Court finds that the Affidavits, including the Horne Affidavit[8] do not allege specific facts from which the Court could find that this case is an action on a contract.

---

[1] Fed. R. Civ. P. 64.

[2] Utah R. Civ. P. 64A(h).

[3] Utah R. Civ. P. 64A(b) (requiring an affidavit "stating facts showing the grounds for relief and other information required by" the rules governing prejudgment writs).

[4] Utah R. Civ. P. 64(c).

[5] Utah R. Civ. P. 64C(b)(1) through (3).

[6] Utah R. Civ. P. 64D(b)(1) though (5).

[7] Utah R. Civ. P. 64C(b)(2)(i) and 64D(b)(2).

[8] Docket No. 31.

Accordingly, Plaintiff has not shown that this is action upon a contract as required by Utah Rules of Civil Procedure 64C(b)(2)(i) or Rule 64D(b)(2).   It is therefore

ORDERED that Plaintiff's Motion for a Prejudgment Writ of Attachment and Garnishment (Docket No. 34) is DENIED without prejudice to refiling with a sufficient affidavit.

DATED  December 15, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge